IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
M. _Dec 16_ 20 09
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____ rrp _____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Cause No. 1:09-CR-175 |
| § | Crone- Giblin |
| KEVIN DINELL STARKS, § | |
| EDWARD JAMES EMERSON, JR., § | |
| and § | |
| TERENCE CORNELIUS YOUNG § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

                                 Violation: 21 U.S.C. § 846 Conspiracy
                                 with intent to distribute a controlled
                                 substance (Cocaine HCL).

That from on or about March 2007, the exact date being unknown to the Grand Jury, and continuing thereafter until December 16, 2009, in the Eastern District of Texas and elsewhere, **Kevin Dinell Starks, a/k/a/ "Big Bank Hank"** and **Edward James Emerson, Jr., a/k/a "Eddo"**, defendants, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL,

In violation of 21U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21

U.S.C. § 846.

## Count Two

> Violation: 21 U.S.C. § 846 Conspiracy with intent to distribute a controlled substance (Marijuana).

That from on or about March 2007, the exact date being unknown to the Grand Jury, and continuing thereafter until May 2, 2009, in the Eastern District of Texas and elsewhere, **Kevin Dinell Starks, a/k/a/ "Big Bank Hank"** and **Terence Cornelius Young,** defendants, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons known and unknown to the Grand Jury to distribute and possess with intent to distribute one-hundred (100) kilograms or more of a Schedule I controlled substance, namely, marijuana,

In violation of 21 U. S. C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

### Criminal Forfeiture Pursuant to 21 U.S.C.§ 853 and § 881

Upon conviction of the controlled substance offense alleged in Count One or Count Two of this indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation,

including but not limited to the following:

## MONEY JUDGMENT

A sum of money equal to $400,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and possess with intent to distribute five kilograms of more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL and in Count Two conspiracy to distribute and possess with intent to distribute one-hundred kilograms of a Schedule I controlled substance, namely, marijuana for which the defendants are jointly and severally liable.

## PERSONAL PROPERTY

1) 2002 BMW 745 I, white in color bearing V.I.N. WBAGN63442DR07988 and Texas registration W07 TNW, registered to Kevin Dinell Starks.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek

forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this Indictment by the Defendant(s) any and all interest the Defendant(s) has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853 and/or 881.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____
John A. Craft
Assistant United States Attorney

12/16/09
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Cause No. 1:09-CR- 175 |
| | § | |
| KEVIN DINELL STARKS, | § | |
| EDWARD JAMES EMERSON, JR., | § | |
| and | § | |
| TERENCE CORNELIUS YOUNG | § | |

## NOTICE OF PENALTY

### Count One

<u>Violation</u>: 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846

<u>Penalty</u>: Not less than **TEN (10)** years nor more than **LIFE** imprisonment, a fine not to exceed **$4,000,000.00**, or both, and supervised release of not **less** than **FIVE (5)** years or more than **life**.

<u>Special Assessment</u>:     $100.00

### Count Two

<u>Violation</u>: 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846

<u>Penalty</u>: Not less than **five (5)** years nor more than **40 years** imprisonment, a fine not to exceed **$2,000,000.00**, or both, and supervised release of not **less** than **four (4)** years or more than **life**.

<u>Special Assessment</u>:     $100.00

5